UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | | |
|---|---|---|
| WHITE MARLIN OPEN, INC. | ) | Case Number: |
| | ) | 1:16-cv-03105-RDB |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| PHILLIP G. HEASLEY, et al. | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT PHILIP G. HEASLEY'S
## ANSWER TO PLAINTIFF'S COMPLAINT FOR INTERPLEADER

The defendant Philip G. Heasley ("Heasley") hereby answers the Plaintiff White Marlin Open, Inc.'s ("WMO") Complaint for Interpleader ("Complaint") and the allegations contained therein paragraph by paragraph below. This answer is not a waiver of Heasley's Motion for Realignment of the parties or his Motion to Strike paragraphs 20-34, 37, 40 and exhibits 2-6 of the Complaint. Heasley has filed both motions with the court prior to this Answer.

1.    Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.    The allegations contained in Paragraph 2 of the Complaint are hereby admitted in part. Heasley is without knowledge or information sufficient to form a belief concerning the tournament's status in the world.

3.      Heasley admits that he participated in the 2016 White Marlin Open Tournament ("Tournament").  Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning the other defendants in this action.

4.      Heasley admits the allegations in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint are hereby admitted except to the extent that Heasley denies or is without knowledge or information sufficient to form a belief about the "additional circumstances" set forth in the balance of the WMO's Complaint and sets forth his responses to those allegations below.

6.      Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

1340402.1 10/11/2016

12.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Heasley admits that a document titled "Rules and Regulations" is attached to the Complaint as Exhibit 1.  The remaining allegations contained in the first sentence of Paragraph 20 of the Complaint are hereby denied.  Further answering, Heasley states that while some of the words in Paragraph 20 appear in the Rules and Regulations of the White Marlin Open Tournament, others do not, and others that do

3

appear in the rules have been omitted.  Heasley is without knowledge or information as to the allegations contained in the second sentence of Paragraph 20 of the Complaint.

21.     Heasley admits that he was questioned on August 13, 2016 while connected to equipment alleged to be a polygraph.  On information and belief, Heasley admits that Captain David Morris was similarly questioned.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 21.

22.     Heasley admits that a document titled "Confidential Allied Polygraph Service, LLC Polygraph Examination Report" with personal information for Philip George Heasley is attached to the Complaint as Exhibit 2.  To the extent the allegations contained in Paragraph 22 are interpreted to allege that Heasley was deceptive or violated the rules of the Tournament, they are denied.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of the Complaint.

23.     Heasley admits that a document titled "Confidential Allied Polygraph Service, LLC Polygraph Examination Report" with personal information for David Paul Morris is attached to the Complaint as Exhibit 3.  To the extent the allegations contained in Paragraph 23 are interpreted to allege that Heasley or Captain Morris were deceptive or that Heasley or Captain Morris violated the rules of the Tournament, they are denied.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23 of the Complaint.

1340402.1 10/11/2016

24.     Heasley denies that he was deceptive, employed "countermeasures" or violated the rules of the WMO.  Heasley denies that Captain Morris was deceptive or violated the rules of the Tournament.   The defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 24 of the Complaint.  Further answering, Heasley states that Criswell's statements are not relevant as he did not administer the so-called polygraph examinations and therefore was not allowed to make determinations under the rules of the Tournament.

25.     Heasley admits he was again asked to take a polygraph test on August 21, 2016, and that Messrs. Bohannon and Hagen were also asked to take polygraphs. Heasley denies that the WMO presented the second test as an "invitation".  Further answering, Heasley states that the WMO informed him that he had to take a second polygraph test before he would receive his winnings.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contain in Paragraph 25 of the Complaint.

26.     Heasley admits that a document titled "Confidential White Marlin Tournament Polygram Examination Report" with personal information of Philip George Heasley is attached to the Complaint as Exhibit 4.  The allegations contained in Paragraph 26 of the Complaint are hereby denied to the extent they state or suggest that Heasley was deceptive, employed so-called countermeasures, or that he or others aboard the Kallianassa violated the rules of the Tournament.  Heasley is without

5

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint.

27.    The allegations contained in Paragraph 27 of the Complaint are hereby denied to the extent they state or suggest that Heasley was deceptive, employed so-called countermeasures or that he or others aboard the Kallianassa violated the rules of the Tournament.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 27 of the Complaint.

28.    Heasley admits a document titled "Confidential White Marlin Tournament Polygraph Examination Report" with personal information of Kyle Loren Bohannon is attached to the Complaint as Exhibit 5.  The allegations contained in Paragraph 28 of the Complaint are hereby denied to the extent they state or suggest that Heasley or Bohannon was deceptive, employed so-called countermeasures or that they or anyone aboard the Kallianassa violated the rules of the Tournament.  Heasley is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations contained in Paragraph 28 of the Complaint.

29.    The allegations contained in Paragraph 29 of the Complaint are hereby denied to the extent they allege that Bohannon was deceptive or that Heasley or anyone aboard the Kallianassa violated the rules of the Tournament.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29 of the Complaint.

1340402.1 10/11/2016

30.    The allegations contained in Paragraph 30 of the Complaint are hereby denied to the extent they allege that Bohannon was deceptive or that Heasley or anyone aboard the Kallianassa violated the rules of the Tournament.   Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 30 of the Complaint.

31.    Heasley admits a document titled "Confidential White Marlin Tournament Polygraph Examination Report" with personal information of John Joseph Hagen is attached to the Complaint as Exhibit 6.   The allegations contained in Paragraph 31 of the Complaint are hereby denied to the extent they allege that Hagen was deceptive or that Heasley or anyone aboard the Kallianassa violated the rules of the Tournament.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 31 of the Complaint.

32.    The allegations contained in Paragraph 32 of the Complaint are denied to the extent they allege that Hagen was deceptive or that Heasley or anyone aboard the Kallianassa violated the rules of the Tournament.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 32 of the Complaint.

33.    Heasley admits that he, Captain Morris, Messrs. Bohannon and Hagen were the only people aboard the Kallianassa when he caught the subject white marlin. The allegations contained in Paragraph 33 are denied to the extent they state or suggest that Heasley or anyone else aboard the Kallianassa was deceptive or violated the rules

1340402.1 10/11/2016

of the Tournament.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 33.

34.     To the extent the allegations contained in Paragraph 34 are interpreted to allege that Heasley or anyone else aboard the Kallianassa violated the rules of the Tournament they are hereby denied.  Heasley admits that he and Captain Morris submitted a catch report for the winning white marlin.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35.     To the extent the allegations contained in Paragraph 35 of the Complaint can be construed to allege that Heasley or anyone aboard the Kallianassa violated the rules of the WMO they are hereby denied.  Further answering, Heasley states that any change to the catch report was a result of a scrivener's error and was made at the time the report was filled out to reflect the correct time that the winning white marlin was caught.  Heasley admits that neither he nor his captain or crew made any corrections to the catch report after it was submitted to the Tournament officials.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 35 of the Complaint.

36.     Heasley denies the allegations contained in Paragraph 36 of the Complaint to the extent they can be construed to allege that he violated the rules of the Tournament.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 36 of the Complaint.

1340402.1 10/11/2016

37.     Heasley denies the allegations contained in Paragraph 37 of the Complaint to the extent they can be construed to allege that he violated the rules of the Tournament.  Heasley admits that representatives of the WMO informed him that he would not be paid his prize money.

38.     The allegations contained in Paragraph 38 of the Complaint are hereby admitted, in part.  Heasley denies that the WMO is not "permitted" to distribute prize money without his signed release.

39.     Heasley admits that he has not been disqualified as the winner of the Tournament.   Heasley denies the allegations contained in Paragraph 39 of the Complaint to the extent they can be construed to allege that he violated the rules of the Tournament or that he should be disqualified.   Heasley denies that the other Tournament winners should receive any portion of the $2,818,662 first prize that should be paid to Heasley.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 39 of the Complaint.

40.     Heasley denies the allegations contained in Paragraph 40 of the Complaint to the extent they can be construed to allege that he violated the rules of the Tournament.  Heasley admits that he refused to execute a release.  Heasley admits there is a dispute between him on the one hand and the WMO and the other defendants on the other hand to the extent they seek to deprive him of his rightful winnings and distribute those winnings amongst the other defendants.  Heasley denies the remaining allegations contained in Paragraph 40 of the Complaint.

1340402.1 10/11/2016

41.    Heasley admits that he claims the first prize of $2,818,662.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 41 of the Complaint.

42.    Heasley admits that any other defendant's claim upon the prize money at issue here would conflict with his own.  Heasley is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 of the Complaint.

43.    Heasley admits the allegations contained in Paragraph 43 of the Complaint.

44.    Paragraph 44 of the Complaint contains conclusions of law which are denied.  To the extent Paragraph 44 can be construed to contain factual allegations against Heasley they are denied.

Having responded to all of the paragraphs in the WMO's Complaint, Heasley further answers that any allegation against him not specifically addressed in his answer above is hereby denied.  Heasley reserves his rights to amend this Answer to include any counterclaims, cross-claims or other further defenses that Heasley has not yet had adequate time to investigate as of the filing of this Answer.  Heasley raises the following further defenses:

I.

Waiver – Award of First Prize

The WMO declared Heasley the winner of the Tournament and presented him both the first place trophy and check at the awards ceremony **after** they had

10

administered the first polygraph test.  Therefore, the WMO waived any rights it might have had to further dispute Heasley's win and the Court should order that Heasley be awarded the first place prize of $2,818,662.

II.

<u>Waiver – Tournament Rules</u>

The WMO ceased the process of determining who was the rightful winner of the Tournament and instead filed this suit to ask this Court to make that determination before Heasley could exercise any of his rights under the Tournament rules.  Therefore, the WMO has waived its rights to have this matter determined pursuant to the rules of the WMO and the Court should decide this matter based on the Federal Rules of Evidence and order the proceeds of $2,818,662 to be paid to Heasley.

III.

<u>Estoppel</u>

Heasley entered the Tournament in reliance upon the rules of the Tournament which provide a process whereby the WMO would determine any disputes concerning the winner. Rather than follow the rules of the Tournament, the WMO failed to allow Heasley the opportunity to submit his own evidence for consideration and instead filed this suit; requiring Heasley to defend his rights in a court of law.   Under these circumstances, the WMO is estopped from relying on the so-called "polygraph examination" they administered to Heasley, the captain and the crew of the Kallianassa. As the WMO has no admissible evidence to question Heasley's compliance with the

rules, the Court should order the WMO to pay the contest proceeds of $2,818,662 to Heasley.

### IV.

### Unclean Hands

To the extent the WMO has failed to follow the rules of the WMO, they are barred from withholding payment to Heasley by the doctrine of unclean hands and therefore the Court should order payment of $2,818,662 to Heasley.

### V.

### Quantum Meruit

Heasley fulfilled the requirements of the WMO Tournament and was declared the winner of the contest for the largest white marlin. As the WMO cannot produce evidence of any violation of the rules, Heasley has earned the first place prize and the Court should order payment of $2,818,662 to Heasley.

### VI.

### Good Faith and Fair Dealing

The WMO is obligated to act in good faith and deal fairly with all the contestants who pay to enter the Tournament. Heasley paid to enter the Tournament under the rules of the WMO. The WMO acted in bad faith or was unfair to Heasley in that it:

a. Conducted a polygraph examination with no evidence of rules violations and no protest from any other contestant;

b. Awarded Heasley first place **after** he took the first polygraph, but then denied payment;

1340402.1 10/11/2016

c. Referred the first polygraph test of Heasley to a person who was not present during the test to offer an opinion concerning "countermeasures" and deception;

d. Instituted further polygraph tests based on the review of Elmer Criswell, who was not present at the first tests;

e. Instituted a second polygraph test of Heasley where none is provided for under the Tournament rules;

f. Failed to provide Heasley with the electronic version or electronic copies of the polygraph tests for his review;

g. Failed to keep their investigation open to allow Heasley to file a protest or take his own polygraph examination as allowed by the rules and then decide the matter based on all of the submitted evidence before filing this lawsuit against Heasley;

h. Filed the polygraph examinations that were intended for the WMO's own decision-making process in a public court of law even though that possibility was not mentioned in the Tournament rules; and

i. Any other acts of bad faith or unfair dealing that may be revealed during discovery.

As a result of the WMO's unfair practices, they violated the terms of their own rules and denied Heasley his rights and winnings. The Court should therefore

13

determine this controversy in favor of Heasley and order the WMO to pay him the prize money of $2,818,662.

WHEREFORE, Philip G. Heasley requests that this honorable Court deny any claim by any other party against Heasley, award the $2,818,662 prize to Heasley, order the WMO to make payment to Heasley, and award Heasley his costs and attorneys' fees incurred in the defense of this action.

Respectfully submitted,

____/s/ Christopher P. Sullivan____
Christopher P. Sullivan
(Bar ID: 805804 - *pro hac vice*)
William N. Erickson
(Bar ID: 805803 - *pro hac vice*)
ROBINS KAPLAN LLP
800 Boylston Street, Suite 2500
Boston, MA 02199
(617) 267-2300 (telephone)
(617) 267-8288 (facsimile)
CSullivan@RobinsKaplan.com
WErickson@RobinsKaplan.com

- and-

____/s/  Jason M. St. John____
Jason M. St. John, Bar No. 26384
SAUL EWING LLP
500 E. Pratt Street, Suite 900
Baltimore, MD  21202-3133
(410) 332-8898 (telephone)
(410) 332-8288 (facsimile)
jstjohn@saul.com

DATED:  October 11, 2016            *Attorneys for Defendant Phillip G. Heasley*

14

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th of October, 2016, the forgoing was filed via the CM/ECF System and sent by first-class mail, postage prepaid, to:

Joseph E. Moore, Esq.
Christopher T. Woodley, Esq.
3509 Coastal Highway
Ocean City, Maryland 21842
(410) 289-3553
(410) 289-4157
jmoore@whmsh.com
cwoodley@shmsh.com

David M. Wyand, Esq.
Rosenberg Martin Greenberg LLP
254 S. Charles Street, Suite 2115
Baltimore, MD 21201
(410) 727-6600
(410) 727-1115
dwyand@rosenbergmartin.com

Counsel for plaintiff White Marlin Open, Inc.

Glen E. Frost, Esq.
Frost and Associates
888 Bestgate Road, Suite 400
Annapolis, MD 21401
(410) 497-5947
(888) 235-8405
glen.frost@irstaxlitigtion.com

Counsel for defendant Jim Conway

Hugh Cropper, IV, Esq.
Booth Cropper & Marriner P.C.
9923 Stephen Decatur Highway, #D-2
Ocean City, MD 21842
(410) 213-2681
hcropper@bbcmlaw.com

Counsel for defendants Richard Kosztyu and Mark Hutchison

1340402.1 10/11/2016

Pat Horning
801 Quail Roost Farm Road
Rougemont, NC 27572

Dave Arnold
221 Ocean View Boulevard
Lewes, DE 19958

Richard Hammond
204 Recovery Drive
Centreville, MD 21617

Brian Leader
1616 Meeting House Lane
Annapolis, MD 21409

Daniel Stuart
1097 Declaration Drive
Lititz, PA 17543

Josh Sharp
28439 Paynter Road
Milton, DE 19968

Brian Russell
20 Lucas Drive
Littlestown, PA 17340

John Gudelsky
9808 Martha's Landing Drive
Ocean City, MD 21842

Hunter Pusey
8332 First Street
Snow Hill, MD 21863

Jay D. Messler
214 Chadsworth Avenue
Beach Haven, NJ 08008


        /s/ Jason M. St. John

1340402.1 10/11/2016