UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
(NORTHERN DIVISION)

| | |
|---|---|
| WHITE MARLIN OPEN, INC., et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-03105-RDB |
| ) | |
| PHILLIP G. HEASLEY, ) | |
| ) | |
| Defendant. ) | |

## STIPULATED ORDER REGARDING CONFIDENTIALITY
## OF DISCOVERY MATERIAL
(Local Rule 104.13)

Whereas, the undersigned parties have stipulated that certain discovery material be treated as confidential;

Accordingly, it is this __1st__ day of ~~November~~ December, 2016, by the United States District Court for the District of Maryland, ORDERED:

1. Designation of Discovery Materials as Confidential. All documents produced in the course of discovery, all Answers to Interrogatories, all Answers to Requests for Admission, all Responses to Requests for Production of Documents, and all deposition testimony and deposition exhibits shall be subject to this Order concerning confidential information, as set forth below:

(a) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate it as "CONFIDENTIAL"

only when such person in good faith believes it contains sensitive personal information, trade secrets or other confidential research, development, or commercial information which is in fact confidential. A party shall not routinely designate material as "CONFIDENTIAL," or make such a designation without reasonable inquiry to determine whether it qualifies for such designation. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure. Information or documents that are available to the public may not be designated as "CONFIDENTIAL".

(b)     Portions of depositions of a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated as such when the deposition is taken or within seven business days after receipt of the transcript. Any testimony which describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be deemed to be designated as "CONFIDENTIAL."

(c)     Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in

subparagraph (d) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(d)     The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made in the following circumstances:

   (i)     Disclosure may be made to counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence.

   (ii)    Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed.

   (iii)   Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Prior to disclosure to any such court reporter or person engaged in making photocopies of documents, such person must sign the "Certification and Acknowledgment of the Stipulated Order Regarding Confidentiality of Discovery Material", attached hereto as Exhibit A.

   (iv)    Disclosure may be made to consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Prior to

3

disclosure to any expert, the expert must be informed of this Order and sign the "Certification and Acknowledgment of the Stipulated Order Regarding Confidentiality of Discovery Material", attached hereto as Exhibit A.

(e) Except as provided in subparagraph (d) above, counsel for the parties shall keep all documents designated as confidential which are received under this Order secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(f) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order or any portion thereof shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

2. Confidential Information Filed with Court. To the extent that any materials subject to this Confidentiality Order (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, those materials and papers, or any portion thereof which discloses confidential information, shall be filed under seal (by the filing party) with the Clerk of the Court with a simultaneous motion pursuant to L.R. 104.13(c) (hereinafter the "Interim Sealing Motion"), in accordance with the current version of the Court's Electronic Filing Requirements and Procedures for Civil Cases. The Interim Sealing Motion shall be governed by L.R. 105.11. Even if the filing party believes that the materials subject to the Confidentiality Order are not properly classified as confidential, the filing party shall file the Interim Sealing Motion; provided, however, that the filing of the Interim Sealing Motion shall be wholly without prejudice to the filing party's rights under paragraph (4) of this Confidentiality Order.

3.     Party Seeking Greater Protection Must Obtain Further Order. No information may be withheld from discovery on the ground that the material to be disclosed requires protection greater than that afforded by paragraph (1) of this Order unless the party claiming a need for greater protection moves for an order providing such special protection pursuant to Fed. R. Civ. P. 26(c).

4.     Challenging Designation of Confidentiality. A designation of confidentiality may be challenged upon motion. The burden of proving the confidentiality of designated information remains with the party asserting such confidentiality. The provisions of Fed. R. Civ. P. 37(a)(5) apply to such motions.

5.     Return of Confidential Material at Conclusion of Litigation. At the conclusion of the litigation, all material treated as confidential under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. The Clerk of the Court may return to counsel for the parties, or destroy, any sealed material at the end of the litigation, including any appeals.

**SO ORDERED:**

Dated: December 1, 2016

_____
Richard D. Bennett
United States District Judge

APPROVED AND AGREED:

/s/
Christopher P. Sullivan
(Bar ID: 805804 - pro hac vice)
(by David M. Wyand with permission)
William N. Erickson
(Bar ID: 805803 - pro hac vice)
(by David M. Wyand with permission)
ROBINS KAPLAN LLP
800 Boylston Street, Suite 2500
Boston, MA 02199
(617) 267-2300 (telephone)
(617) 267-8288 (facsimile)
CSullivan@RobinsKaplan.com
WErickson@RobinsKaplan.com

/s/
Jason M. St. John, Bar No. 26384
SAUL EWING LLP
(by David M. Wyand with permission)
500 E. Pratt Street, Suite 900
Baltimore, MD 21202-3133
(410) 332-8898 (telephone)
(410) 332-8288 (facsimile)
jstjohn@saul.com

*Attorneys for Defendant Phillip G. Heasley*

/s/
Hugh Cropper, IV. (Bar No. 06525)
(by David M. Wyand with permission)
Curtis H. Booth (Bar No. 24662)
(by David M. Wyand with permission)
Booth Cropper & Marriner P.C.
9923 Stephen Decatur Highway, #D-2
Ocean City, MD 21842
(410) 213-2681
hcropper@bbcmlaw.com
cbooth@bbcmlaw.com

*Counsel for Plaintiffs Richard Kosztyu and Mark Hutchison*

/s/
Joseph E. Moore (Bar No. 06240)
(by David M. Wyand with permission)
Christopher T. Woodley (Bar No. 29786)
(by David M. Wyand with permission)
3509 Coastal Highway
Ocean City, Maryland 21842
(410) 289-3553
(410) 289-4157
jmoore@whmsh.com
cwoodley@shmsh.com

/s/
David Matthew Wyand (Bar No. 23413)
Rosenberg Martin Greenberg LLP
254 S. Charles Street, Suite 2115
Baltimore, MD 21201
(410) 727-6600
(410) 727-1115
dwyand@rosenbergmartin.com

*Counsel for Plaintiff White Marlin Open, Inc.*

/s/
Glen E. Frost (Bar No. 29014)
(by David M. Wyand with permission)
Jessica Frase Marina (Bar No. 17299)
(by David M. Wyand with permission)
Frost and Associates
888 Bestgate Road, Suite 400
Annapolis, MD 21401
(410) 497-5947
(888) 235-8405
glen.frost@irstaxlitigtion.com
jessica.marine@irstaxlitigation.com

*Counsel for Plaintiff Jim Conway*

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of November, 2016, a copy of the foregoing Stipulated Order Regarding Confidentiality of Discovery Material (Local Rule 104.13) was served through the CM/ECF System on counsel of record and sent by first class mail, postage prepaid, to: Pat Horning, 601 Quail Roost Farm Road, Rougemont, NC 27572, Dave Arnold, 221 Ocean View Blvd., Lewes, DE 19958, Richard Hammond, 204 Recovery Drive, Centreville, MD 21617, Brian Leader, 1616 Meeting House Lane, Annapolis, MD 21409, Daniel Stuart, 1097 Declaration Drive, Lititz, PA 17543, Josh Sharp, 28439 Paynter Road, Milton, DE 19968, Brian Russell, 20 Lucas Drive, Littlestown, PA 17340, John Gudelsky, 9808 Martha's Landing Drive, Ocean City, MD 21842, Hunter Pusey, 8332 First Street, Snow Hill, MD 21863, and J.D. Messler, 214 Chatsworth Avenue, Beach Haven, NJ 08008.

/s/ *David M. Wyand*
David M. Wyand, Bar No. 23413

## EXHIBIT A

## CERTIFICATION AND ACKNOWLEDGMENT OF STIPUATED ORDER REGARDING CONFIDENTIALITY OF DISCOVERY MATERIAL

The undersigned hereby acknowledges that he or she has read the attached Stipulated Order Regarding Confidentiality of Discovery Material in the matter of *White Marlin Open, Inc., et al. v. Phillip G. Heasley*, Civil Action No. 1:16-cv-03105-RDB, and understands the terms thereof and agrees to be bound by such terms, including, but not limited to, the non-disclosure and destruction provisions of this stipulated order.

Dated: _____     Signature: _____

                                                          Print Name: _____