# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| WHITE MARLIN OPEN, INC., et al., | * | |
| Plaintiffs, | * | |
| | * | |
| v. | | Civil Action No.: RDB-16-3105 |
| | * | |
| PHILLIP G. HEASLEY, | * | |
| Defendant. | * | |
| | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

Plaintiff White Marlin Open, Inc. ("WMO") filed this Interpleader action in order to obtain a judicial determination of entitlement to the over $2.8 million in first place prize money from WMO's 2016 Open Tournament, held in Ocean City, Maryland on August 8 – 12, 2016. (ECF No. 2.)

Currently pending before the Court is defendant Philip G. Heasley's ("Heasley") Motion to Dismiss: (1) plaintiff WMO as a party to this case; (2) WMO's demand for reimbursement of five times its attorney's fees and costs (ECF No. 2 at ¶ 44); (3) the Crossclaim of plaintiffs Richard Kosztyu and Mark Hutchison ("K&H") against WMO (ECF No. 53); (4) the Crossclaim of K&H against all other parties (ECF No. 54); and (5) the Complaint of K&H against Heasley (ECF No. 55).[1] ("Heasley's Motion," ECF No. 56.)

---

[1] Heasley asks in the alternative that the Court stay the Crossclaims and Complaint of plaintiffs Kosztyu and Hutchison ("K&H") pending resolution of the underlying Interpleader action. (ECF No. 56.)

The parties' submissions have been reviewed, and no hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2016).

For the reasons stated below, Heasley's Motion (ECF No. 56) is GRANTED IN PART and DENIED IN PART.  Specifically, it is DENIED with respect to a dismissal of WMO, and WMO shall remain as a plaintiff in this case; the Motion is GRANTED with respect to WMO's demand for reimbursement of five times its attorney's fees and costs (ECF No. 2 at ¶ 44) pursuant to the 2016 Tournament Rules.  However, WMO eventually may petition this Court for recovery of its actual attorney's fees and costs pursuant to Local Rule 109 and Appendix B.3 of this Court's Local Rules (D. Md. 2016).

Furthermore, Heasley's Motion (ECF No. 56) is DENIED with respect to a dismissal of plaintiffs' Kosztyu and Hutchison's Crossclaim against WMO (ECF No. 53), but shall be GRANTED with respect to a STAY of that Crossclaim pending resolution of the underlying Interpleader action.

Finally, Heasley's Motion (ECF No. 56) is GRANTED with respect to a dismissal of Kosztyu and Hutchison's Crossclaim against all other parties (ECF No. 54) and Complaint against Heasley (ECF No. 55).  The Crossclaim (ECF No. 54) and Complaint (ECF No. 55) are DISMISSED WITHOUT PREJUDICE.

## BACKGROUND

Plaintiff White Marlin Open, Inc. ("WMO") operates the world's largest billfish tournament, the "White Marlin Open," in Ocean City, Maryland.  (WMO's Complaint, ECF No. 2 at ¶ 2.)  Defendant Heasley and each of the individual plaintiffs participated as anglers in WMO's forty-third annual Open Tournament, held from August 8 through August 12,

2016.  (*Id.* at ¶ 3.)   The prize money for catching the first place white marlin was $2,818,662.00.  (*Id.* at ¶ 5.)  Defendant Heasley, competing on board the vessel *Kallianassa*, caught the tournament's only qualifying white marlin, potentially entitling him to the first place prize money.[2]  (*Id.* at ¶¶ 4-5, 38.)  Several of the plaintiffs already have received prize money based on their catches of fish other than white marlin during the tournament.  (*Id.* at ¶¶ 5-18.)

Under the Tournament's rules, "any angler winning $50,000.00 or more may be required to take, and pass at the determination of the test administrator, a polygraph examination prior to the distribution of award money" by WMO.  (ECF No. 2 at ¶ 20.)  The purpose of this rule is "to ensure that the winning anglers complied with the rules of the Open Tournament when they caught their winning fish."   (*Id.*)   Defendant Heasley underwent polygraph examinations on August 13, 2016 and again on August 21, 2016.  (*Id.* at ¶ 21.)  Heasley's shipmates also underwent polygraph examinations.  (*Id.* at ¶ 37.)  WMO determined that because Heasley and his shipmates failed to pass the polygraph examinations, WMO would not award Heasley the first place prize money.  (*Id.* at ¶ 40.)  WMO then filed this Interpleader action pursuant to Maryland Rule 2-221 in the Circuit Court of Maryland for Worcester County requesting judicial determination of the rights and liabilities of the parties.  (*Id.* at ¶ 41.)  On September 8, 2016, defendant Heasley, a Florida citizen and the only citizen of that state named in WMO's Interpleader Complaint, removed the case to this Court on the basis of diversity of citizenship jurisdiction, 28 U.S.C. § 1332. (ECF No. 1.)

---

[2] As explained below, Heasley has not been paid any prize money to date.

Following Heasley's Removal, plaintiff (then defendant) Mark Hutchison moved to remand this case to the Circuit Court of Maryland for Worcester County. (ECF No. 21.) Heasley opposed Hutchison's Motion and cross-moved to realign the parties' based on their interests. (ECF No. 24.) The Court conducted a hearing on these and several related motions on November 18, 2016. As set forth on the record and in the Order that followed, the Court concluded that jurisdiction was proper pursuant to 28 U.S.C. § 1332 and re-aligned the parties to designate Philip Heasley as the sole defendant and WMO and all other anglers as plaintiffs. (ECF No. 44.) The Court also ordered WMO to deposit the tournament prize money in the Court's Registry; WMO deposited the funds on November 23, 2016. *See* ECF No. 45.

On December 19, 2016, plaintiffs Kosztyu and Hutchison filed a Crossclaim against WMO alleging breach of contract based on WMO's alleged failure to comply with its own Tournament Rules. (ECF No. 53.) WMO filed a timely Answer to the Crossclaim and asserted a series of affirmative defenses. (ECF No. 58.)

On December 22, 2016, plaintiffs Kosztyu and Hutchison filed a Crossclaim against all other parties seeking declaratory relief (ECF No. 54) and a Complaint against Heasley, also seeking declaratory relief (ECF No. 55). Plaintiffs Jim Conway and WMO filed separate answers to the Crossclaim (ECF Nos. 59, 65), and defendant Heasley moved to dismiss both the Crossclaim and the Complaint (ECF No. 56).

## STANDARDS OF REVIEW

The pending Motion arises in a somewhat unique procedural posture based on the nature of the Interpleader action and the subsequent realignment of the parties to conform

with their respective interests.  Nevertheless, Rules 12 and 22 of the Federal Rules of Civil Procedure remain the touchstones for the Court's analysis of Heasley's Motion and the parties' responses thereto.

## I.      Motion for Judgment on the Pleadings Pursuant to Rule 12(c)

Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion for judgment on the pleadings is appropriate when all material allegations of fact are admitted in the pleadings and only questions of law remain." *Wells Fargo Equip. Fin., Inc. v. State Farm Fire & Cas. Co.*, 805 F. Supp. 2d 213, 216 (E.D. Va. 2011), *aff'd*, 494 F. App'x 394 (4th Cir. 2012) (quoting *Republic Ins. Co. v. Culbertson*, 717 F. Supp. 415, 418 (E.D. Va. 1989). *See* 5C C. Wright & A. Miller, *Federal Practice & Procedure* § 1367 (3d ed.).  The reviewing Court "is required to view the facts presented in the light most favorable to the nonmoving party." *Corrigan v. Methodist Hosp.*, 158 F.R.D. 70, 71 (E.D. Pa. 1994) (internal citation omitted).  This Court has treated 12(b)(6) motions to dismiss filed after an Answer had been filed as motions for judgment on the pleadings pursuant to Rule 12(c). *Yakovets v. Bailin*, JKB-13-3439, 2014 WL 279697, at *1 (D. Md. Jan. 23, 2014).

## II.      Motion to Strike Pursuant to Rule 12(f)

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" on its own or on a party's timely motion.  Fed. R. Civ. P. 12(f).  In *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001), the United States Court of Appeals for the Fourth Circuit noted that, "Rule 12(f) motions are generally viewed with disfavor

5

'because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic'" (citing 5A C. Wright & A. Miller, *Federal Practice & Procedure* § 1380, 647 (2d ed.1990)).  *See also Stockart.com, LLC v. Caraustar Custom Packaging Grp., Inc.*, RDB-05-2409, 240 F.R.D. 195, 199 (D. Md. 2006).

## III.    Interpleader Pursuant to Rule 22

"Rule 22 allows a party (often referred to as the 'stakeholder') to file a claim for interpleader when confronted with "claims that may expose [the party] to double or multiple liability." *J.G. Wentworth Originations, LLC v. Mobley*, ELH-11-1406, 2012 WL 4922862, at *5 (D. Md. Oct. 12, 2012).  Interpleader "affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding." *See* 7 C. Wright, A. Miller, & M. Kane, *Federal Practice & Procedure* § 1704, at 540–41 (3d ed. 2001); *see also Equitable Life Ins. Soc. v. Jones,* 679 F.2d 356, 358 n. 2 (4th Cir. 1982).  "Generally, a stakeholder seeking interpleader relief will admit liability regarding the property and deposit the property with the court, and then will be **permitted to withdraw** from the proceedings." *Mobley*, 2012 WL 4922862, at *5 (emphasis added).  "The competing claims to the property may subsequently be resolved without the further involvement of the stakeholder." *Id.*

## IV.    Declaratory Judgment

The federal Declaratory Judgment Act provides that:

In a case of actual controversy within its jurisdiction…any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether

or not further relief is or could be sought.  Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. 2201(a).[3]  Thus, this Court considers three factors in determining whether to grant

declaratory relief:

> (1) the complaint must allege an actual controversy between the parties of sufficient immediacy and reality to warrant issuance of a declaratory judgment;
> (2) the court must possess an independent basis for jurisdiction over the parties; and
> (3) the court must decide whether to exercise its discretion to determine or dismiss the action.

*Ledo Pizza Sys., Inc. v. Ledo Rest., Inc.,* DKC–06–3177, 2010 WL 1328538, at *6 (D. Md.

March 29, 2010).  *See A.L. Mechling Barge Lines v. United States,* 368 U.S. 324, 331, 82 S.Ct. 337,

7 L.Ed.2d 317 (1961) (whether to grant declaratory relief is a matter of the Court's

discretion); *Nat'l Wildlife Fed'n v. United States,* 626 F.2d 917, 923 (D.C. Cir. 1980) (same).

In determining whether to exercise its discretion to grant declaratory relief, the Court

should consider "'(1) whether the judgment will serve a useful purpose in clarifying the legal

relations in issue; or (2) whether the judgment will terminate and afford relief from the

uncertainty, insecurity, and controversy giving rise to the proceeding.'"  *Corsair Special

Situations Fund, L.P. v. Engineered Framing Sys., Inc.,* PWG-09-1201, 2010 WL 2367390, at *4

(D. Md. June 9, 2010), *aff'd,* 442 F. App'x 66 (4th Cir. 2011) (quoting *N.E. Ins. Co. v. N.

Brokerage Co.,* 780 F. Supp. 318, 320 (D. Md. 1991)).

---

[3] The identical considerations apply under Maryland's Uniform Declaratory Judgments Act, Md. Code Ann., Cts. & Jud. Proc. § 3-401, *et seq.  See Converge Servs. Grp., LLC v. Curran,* 383 Md. 462, 485, 860 A.2d 871, 884 (2004).  *See also Brohawn v. Transamerica Ins. Co.,* 276 Md. 396, 405–06, 347 A.2d 842, 849 (1975).

Case 1:16-cv-03105-RDB   Document 70   Filed 02/03/17   Page 8 of 16

ANALYSIS

The several objects of Heasley's Motion (ECF No. 56) are addressed in turn below.

## I.   **Plaintiff White Marlin Open**

### A.  **WMO as a Party to this Action**

Heasley moves to dismiss plaintiff White Marlin Open from this case pursuant to Rules 12 and 21 of the Federal Rules of Civil Procedure.[4]  (ECF No. 56-1 at 4-7.)  Heasley argues that dismissal is proper because WMO, as interpleader plaintiff, has already deposited the Tournament prize money in the Court's registry and has no further interest in this case. (*Id.*)  Perhaps more importantly, Heasley asserts, WMO's claimed entitlement to <u>five</u> <u>times</u> its litigation costs and attorney's fees is "grounds for its immediate dismissal."  (*Id.* at 6.) Thus, "[a]s long as WMO stays in the case, the prize money could be materially reduced since that is the source from which WMO seeks to be paid its attorney's fees and costs." (*Id.*)  Finally, Heasley argues that "[k]eeping WMO in this case also creates an undue burden on Heasley because it allows WMO, a disinterested party, to oppose positions taken by Heasley and prosecute a case against Heasley at trial either together or separate from the other plaintiffs."  (*Id.* at 7.)

WMO asserts in opposition that because "Heasley's claim to the interpleaded funds would be an attack upon the actions and practices of WMO's directors," including the "decisions of WMO with regard to the prize money," "WMO has an interest relating to the

---

[4] Rule 21 governs misjoinder and nonjoinder of parties.  Fed. R. Civ. P. 21.  The rule provides that: "Misjoinder of parties is not a ground for dismissing an action.  On motion or on its own, the court may at any time, on just terms, add or drop a party.  The court may also sever any claim against a party."  *Id.*  This Court has explained that "[a]lthough the rule concerns misjoinder and non-joinder of parties… this provision authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons."  *CVI/Beta Ventures, Inc. v. Custom Optical Frames, Inc.*, 896 F. Supp. 505, 506 (D. Md. 1995) (internal citations omitted) (quoting *Wyndham Associates v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968)).

8

subject of the action, which WMO could not protect if it did not remain a party to the case." (ECF No. 67 at 1-2.)  WMO further argues that Heasley's Motion regarding WMO's demand for attorney's fees is procedurally improper, premature, and unsupported by authority.  (*Id.* at 3.)[5]

While it is true that under Rule 22, a party may "be <u>permitted</u> to withdraw from [Interpleader] proceedings" after deposit of the stake in the Court's Registry, the practical benefits of dismissal (namely, relief from potential liability) are not mandatory and need not be thrust upon a party which retains an interest in participating in the Interpleader action. *Mobley*, 2012 WL 4922862, at *5.  In this case, there can be little doubt that WMO retains a significant interest in the subject matter of the Interpleader action.  As Heasley's entitlement to the prize money is based on WMO's purported failure to follow the Tournament Rules, and as the integrity of these rules and the Tournament itself are very much in dispute in this case, WMO retains a significant interest in the outcome of this case.  Only by remaining party to this action will WMO be able to sufficiently protect its interests in this matter.

Accordingly, Heasley's Motion (ECF No. 56) is DENIED with respect to a dismissal, and WMO shall remain as a plaintiff in this case.[6]

## B.  WMO's Demand for Attorney's Fees

Heasley also seeks dismissal of WMO's demand for reimbursement of five times its attorney's fees and costs pursuant to the Tournament Rules.  (ECF No. 56 at 6.)  *See*

---

[5] Plaintiffs Kosztyu and Hutchison have not filed a response in opposition (or support) to Heasley's Motion with respect to WMO.  *See* ECF No. 64.

[6] Dismissal of WMO as a party would be similarly unwarranted under Rule 12(b)(6) or Rule 12(c).  Whether accepting as true WMO's factual allegations (Rule 12(b)(6)) or viewing the facts in the light most favorable to WMO (Rule 12(c)), either result would preclude dismissal of WMO as a party.

Tournament Rules, ¶ I.F.6, ECF No. 2-2 at 3.  Heasley's (and the other plaintiffs') obvious interest in preserving the corpus of the over $2.8 million in prize money at issue in this case is well-founded.   As there is no issue of material fact regarding WMO's claim for reimbursement, it may be decided as a matter of law pursuant to Rule 12(c).

The Tournament Rules provide, in pertinent part, that WMO "shall be entitled to reimbursement for 5 times its costs and fees, including attorney fees, which result from the determination and resolution of the validity of unjustified protests."  (Tournament Rules, ¶ I.F.6, ECF No. 2-2 at 3.)   The Tournament Rules describe WMO's demand for reimbursement of five times its attorney's fees and costs as "liquidated damages."  *Id.*

Although Maryland courts will enforce contractual *in terrorem* and liquidated damages provisions, penalty provisions are not given the same effect.  *See Barrie Sch. v. Patch*, 401 Md. 497, 507, 933 A.2d 382, 388 (2007).  The Maryland Court of Appeals in *Barrie* reiterated the "settled rule of law" that:

> [W]here the parties, at or before the time of the execution of the contract, agree upon and name a sum therein to be paid as liquidated damages, in lieu of anticipated damages which are in their nature uncertain and incapable of exact ascertainment, that the amount so named in the agreement will be regarded as liquidated damages and not as a penalty, **unless the amount so agreed upon and inserted in the agreement be grossly excessive and out of all proportion to the damages that might reasonably have been expected to result from such breach of the contract.**  And whether it is excessive or whether the damages are incapable of exact ascertainment should be determined from the subject-matter of the contract considered in the light of all the surrounding facts and circumstances connected therewith and known to the parties at the time of its execution.

*Barrie*, 401 Md. at 508, 933 A.2d at 388–89 (quoting *Balto. Bridge Co. v. United Rys. & Electric Co.*, 125 Md. 208, 214–15, 93 A. 420, 422–23 (1915)) (emphasis added).  The Court in *Barrie* went on to explain that:

> There are three essential elements of a valid and enforceable liquidated damages clause. **First, such a clause must provide in clear and unambiguous terms for a certain sum.** Secondly, the liquidated damages must reasonably be compensation for the damages anticipated by the breach. Thirdly, liquidated damage clauses are by their nature mandatory binding agreements before the fact which may not be altered to correspond to actual damages determined after the fact.

*Barrie*, 401 Md. At 509, 933 A.2d at 389 (quoting *Bd. of Educ. of Talbot Cty. v. Heister*, 392 Md. 140, 156, 896 A.2d 342, 352 (2006)) (emphasis added).

Even viewing the clause in the light most favorable to WMO, these principles make clear that the five times multiplier set forth in Tournament Rule ¶ 1.F.6 is a penalty provision and not an enforceable liquidated damages clause. Several considerations point the Court to this conclusion. First, in an era in which attorney's fees quickly and routinely amount to tens or even hundreds of thousands of dollars, a clause granting WMO five times such an amount likely would be "grossly excessive and disproportionate" in light of the $2.8 million stake in this case.[7] That is, were WMO's reasonable attorney's through trial to reach even $100,000, WMO would then 'recover' $500,000 of the $2.8 million (approximately 17.9%); $200,000 in attorney's fees through trial would translate into a reduction of nearly 36% of the prize money. While the exact percentage of the Tournament prize money that WMO would recover under the clause remains to be determined, the foregoing calculations point to the threat of a "grossly excessive and disproportionate" damages provision. This concern is particularly acute in light of WMO's assertion that it "remains a disinterested stakeholder with no financial stake in the case." (ECF No. 67 at 2) (emphasis added). Similarly fatal to the five times multiplier provision is the fact that the amount of the purported liquidated

---

[7] In their submissions to this Court, counsel for WMO have acted conscientiously and with an apparent appreciation for the impact of their legal fees on the other parties to this case.

damages is not for a "certain sum." *See Barrie*, 401 Md. At 509, 933 A.2d at 389. Finally, the Court notes that it was WMO—and <u>not</u> an angler—who initiated this suit. While the clause appears to be targeted at discouraging Tournament participants from rushing to the courthouse, its intended (and otherwise permissible) *in terrorem* effect should not be accorded the same weight when the Tournament itself was the party seeking judicial assistance.

In sum, Heasley's Motion (ECF No. 56) is GRANTED with respect to WMO's demand for reimbursement of five times its attorney's fees and costs pursuant to the 2016 Tournament Rules. (ECF No. 2 at ¶ 44.) WMO eventually may petition this Court for recovery of its actual attorney's fees and costs pursuant to Local Rule 109 and Appendix B.3 of this Court's Local Rules (D. Md. 2016).

## II.   Plaintiffs Kosztyu and Hutchison's Crossclaim against WMO (ECF No. 53)

Notwithstanding the fact that this Crossclaim (ECF No. 53) is made against a party other than himself, Heasley argues that dismissal of this Crossclaim is appropriate because cross-plaintiffs Kosztyu and Hutchison failed to comply with Rules 7 and 15 of the Federal Rules of Civil Procedure. (ECF No. 56-1 at 8-9.) Specifically, Heasley asserts that the Crossclaim cannot stand as an independent pleading under Rule 7 and that cross-plaintiffs failed to seek leave to file the Crossclaim, as required under Rule 15.[8] (*Id.*)

Kosztyu and Hutchison argue in opposition to Heasley's Motion that courts have accepted cross-claims filed in the manner theirs was presented and that their filing was

---

[8] It bears note that WMO does not oppose dismissal of the Crossclaims: "WMO does not oppose the dismissal of the Crossclaims, believing those pleadings to be unnecessary. Regardless of the existence of the Crossclaims, this Court will decide in this case whether Kosztyu and Hutchison are entitled to any part of the interpleaded funds. Because all parties seem to agree that Kosztyu and Hutchison may pursue their claim to the interpleaded funds, the Crossclaims serve no additional purpose in this case. However, to the extent that the Crossclaims and Complaint filed by Kosztyu and Hutchison serve only as their claim to the interpleaded funds, WMO has no objection to them." (ECF No. 67 at 1, n. 1.)

timely—and, thus, leave to amend not required—in light of the Court's decision to realign the parties.[9]  (ECF No. 64-1 at 3-5.)

Among the cases cited by the parties is this Court's decision in *Kennell v. Avis Budget Grp., Inc.*, WMN-09-833, 2009 WL 2426016, at *4 (D. Md. Aug. 6, 2009), in which the Court found "some merit" in similar arguments advanced by the movants seeking dismissal, but nonetheless declined to dismiss the cross-claims for reasons of judicial economy: "[t]he result of striking the cross-claims, however, would be that the cross-claimants would simply seek leave to re-file their cross-claims as amendments to their answers.  At this stage, the Court sees no benefit in generating another round of pleadings." *Id.*

So, again, does this Court conclude that judicial economy will be served and no unfair prejudice inflicted by accepting the proposed pleadings.  While K&H's Crossclaim against WMO may not have been filed in strict compliance with this Court's Rules, there is no indication that the target of the Crossclaim, WMO, was not served properly, deprived an opportunity to respond, or otherwise prejudiced by Kosztyu and Hutchison's pleading.  To the Contrary, WMO filed a timely Answer to the K&H Crossclaim and asserted a series of affirmative defenses therein.  (ECF No. 58.)  Thus, the Court declines to dismiss or otherwise strike K&H's Crossclaim.  Nevertheless, in light of the affirmative defenses pled by WMO in its answer, several of which (e.g., *res judicata*, collateral estoppel, release) depend

---

[9] The Court need not reach several alternative arguments raised by Kosztyu and Hutchison in opposition to Heasley's Motion.  *See* ECF No. 64-1.

on the resolution of the underlying Interpleader action, K&H's Crossclaim against WMO for breach of contract shall be stayed.[10]

Thus, Heasley's Motion (ECF No. 56) is DENIED with respect to a dismissal of plaintiffs' Kosztyu and Hutchison's Crossclaim against WMO (ECF No. 53), but shall be GRANTED with respect to a STAY of that Crossclaim pending resolution of the underlying Interpleader action.

### III.    Plaintiffs Kosztyu and Hutchison's Crossclaim and Complaint for Declaratory Relief (ECF Nos. 54, 55)

Heasley moves to dismiss Kosztyu and Hutchison's declaratory judgment Crossclaim against all other parties and Complaint against him (ECF Nos. 54, 55) for the technical reasons addressed above and because these claims are "duplicative of their claim as plaintiff in the Interpleader." (ECF No. 56-1 at 10.)

Kosztyu and Hutchison argue that WMO and Heasley are independently liable to them as plaintiffs and cross-plaintiffs, and that Heasley has failed to assert any sufficient reason to dismiss their claims under Rule 12 of the Federal Rules of Civil Procedure. (ECF No. 64-1 at 8-10.)

Notably absent from the parties' briefing—but nonetheless pertinent to the resolution of Heasley's Motion—is the fact that the Crossclaim and Complaint (ECF Nos. 54, 55) both seek declaratory relief only. While there exists among the parties an actual controversy within this Court's jurisdiction, the declaratory relief sought in K&H's

---

[10] While their arguments opposing a stay have been considered, the Court does not agree with Kosztyu and Hutchison's assertion that allowing the Crossclaim to proceed contemporaneously with the Interpleader action would permit consistent judicial decisions and conserve all parties' resources. (ECF No. 64-1 at 10.)

Crossclaim (ECF No. 54) and Complaint (ECF No. 55) is almost entirely duplicative of the relief being sought in the underlying Interpleader action based on WMO's original Complaint (ECF No. 2). The core question which this Court has been called upon by that Complaint to answer is whether Heasley is entitled to the distribution of the first place Tournament prize money, or whether that prize money shall be distributed among the other interested parties. *See id.* Plaintiffs Kosztyu and Hutchison's entitlement to any prize money—the relief sought by these pleadings—is at issue in and inextricably linked to the resolution of WMO's original Interpleader Complaint. Thus, the Court concludes that K&H's Crossclaim (ECF No. 54) and Complaint (ECF No. 55) would not "serve a useful purpose in clarifying the legal relations in issue," and declines to exercise jurisdiction over these claims.[11] *Corsair*, 2010 WL 2367390, at *4. Accordingly, Heasley's Motion is GRANTED as to K&H's Crossclaim (ECF No. 54) and Complaint (ECF No. 55), and these claims are DISMISSED WITHOUT PREJUDICE.[12]

## CONCLUSION

For the foregoing reasons, Heasley's Motion (ECF No. 56) is GRANTED IN PART and DENIED IN PART. Specifically, it is DENIED with respect to a dismissal of WMO, and WMO shall remain as a plaintiff in this case; the Motion is GRANTED with respect to WMO's demand for reimbursement of five times its attorney's fees and costs (ECF No. 2 at ¶ 44) pursuant to the 2016 Tournament Rules. However, WMO eventually may petition this

---

[11] The Court would reach the same conclusion under Maryland law.

[12] If, following the resolution of the underlying Complaint in this case, the issues raised in K&H's Crossclaim (ECF No. 54) and Complaint (ECF No. 55) remain unresolved and are not otherwise barred by principles of *res judicata* or collateral estoppel, plaintiffs Kosztyu and Hutchison may re-file their claims for declaratory relief.

Court for recovery of its actual attorney's fees and costs pursuant to Local Rule 109 and Appendix B.3 of this Court's Local Rules (D. Md. 2016).

Furthermore, Heasley's Motion (ECF No. 56) is DENIED with respect to a dismissal of plaintiffs' Kosztyu and Hutchison's Crossclaim against WMO (ECF No. 53), but shall be GRANTED with respect to a STAY of that Crossclaim pending resolution of the underlying Interpleader action.

Finally, Heasley's Motion (ECF No. 56) is GRANTED with respect to a dismissal of Kosztyu and Hutchison's Crossclaim against all other parties (ECF No. 54) and Complaint against Heasley (ECF No. 55).  The Crossclaim (ECF No. 54) and Complaint (ECF No. 55) are DISMISSED WITHOUT PREJUDICE.


Dated: February 3, 2017             _____/s/_____
            Richard D. Bennett
            United States District Judge