# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

WHITE MARLIN OPEN, INC., et al.,

    Plaintiffs,

v.                                        Civil Action No.: RDB-16-3105

PHILLIP G. HEASLEY,

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM ORDER

Plaintiffs Mark Hutchison ("Hutchison") and Richard Kosztyu ("Kosztyu") (collectively, "plaintiffs") have filed a Motion for Summary Judgment ("Plaintiffs' Motion") in this interpleader action based on defendant Philip Heasley's ("Heasley") alleged failure to pass a polygraph examination under the 2016 White Marlin Open Tournament Rules (the "Tournament Rules").[1] (ECF No. 97.) Plaintiffs argue that because Heasley failed to pass a polygraph examination, he "is unable to satisfy his burden of proof in order to recover the prize money…" (ECF No. 97-1 at 2.) Thus, plaintiffs assert, the prize money should be distributed among the other winning anglers in the manner set forth in the Amended Complaint. (ECF No. 87.) The parties' submissions have been reviewed, and no hearing is

---

[1] On April 24, 2017—three weeks after Plaintiffs' Motion was filed—plaintiff Jim Conway filed a Response to Plaintiffs' Motion. (ECF No. 104.) In his Response, Conway urges the Court to: (1) grant in part Plaintiffs' Motion insofar as it requests that Heasley be disqualified, and (2) deny in part Plaintiffs' Motion insofar as Conway contests White Marlin Open's suggested distribution of the prize money in the event that Heasley is not entitled to it. (*Id.*) In light of the result reached herein, Conway's Response is of no moment.

necessary.² *See* Local Rule 105.6. (D. Md. 2016.) For the reasons stated below, Plaintiffs' Motion (ECF No. 97) is DENIED. This case shall proceed to a bench trial beginning on May 22, 2017.

**BACKGROUND**

The relevant factual background is set forth in this Court's Memorandum Opinion dated February 3, 2017 (ECF No. 70) and subsequent Memorandum Orders dated March 29, 2017 (ECF No. 94) and April 14, 2017 (ECF No. 99).³ These Memoranda are incorporated herein by reference.

**STANDARD OF REVIEW**

Rule 56 of the Federal Rules of Civil Procedure provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that "might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A genuine issue over a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. When considering a motion for summary judgment, a judge's function is limited to determining whether sufficient evidence exists on a claimed factual dispute to warrant submission of the matter to a jury for resolution at trial. *Id.* at 249.

---

² For the reasons set forth below, this Court need not await plaintiffs' Reply Memorandum, which would be due just three weeks before the start of the scheduled bench trial.

³ *See White Marlin Open, Inc. v. Heasley*, RDB-16-3105, 2017 WL 467733 (D. Md. Feb. 3, 2017); 2017 WL 1165955 (D. Md. Mar. 29, 2017); 2017 WL 1364756 (D. Md. Apr. 14, 2017).

2

In undertaking this inquiry, this Court must consider the facts and all reasonable inferences in the light most favorable to the nonmoving party. *Libertarian Party of Va.*, 718 F.3d at 312; *see also Scott v. Harris*, 550 U.S. 372, 378 (2007). This Court "must not weigh evidence or make credibility determinations." *Foster v. University of Md.-Eastern Shore*, 787 F.3d 243, 248 (4th Cir. 2015) (citing *Mercantile Peninsula Bank v. French*, 499 F.3d 345, 352 (4th Cir. 2007)); *see also Jacobs v. N.C. Administrative Office of the Courts*, 780 F.3d 562, 569 (4th Cir. 2015) (explaining that the trial court may not make credibility determinations at the summary judgment stage). Indeed, it is the function of the fact-finder to resolve factual disputes, including issues of witness credibility. *See Tolan v. Cotton*, 134 S. Ct. 1861, 1866-68 (2014).

**ANALYSIS**

It is undisputed that the 2016 White Marlin Open Tournament Rules created a contract between plaintiff White Marlin Open ("WMO") and the tournament participants, including defendant Heasley and the other "angler" plaintiffs. (ECF No. 100 at 25; ECF No. 97-1 at 10.) *See generally Schmidt v. Three Lakes Chamber of Commerce*, 142 Wis. 2d 936, 417 N.W.2d 196 (Wisc. Ct. App. 1987) (fishing tournament entry form and rules constitute enforceable contract among the parties). The Tournament Rules provide, in pertinent part, that:

> "7. All anglers winning $50,000 or more…may be required, at the discretion of the White Marlin Open, to take and pass, at the determination of the test administrator, a polygraph test prior to the distribution of any awards.
> 7a. The White Marlin Open may, at its discretion, also request that a polygraph test be taken by any other angler or crew member registered to that boat.
> 7b. The time and place of the polygraph testing will be announced at the Captain's meeting and listed on the Tournament Information Sheet which is distributed with the boat packets.

3

> 7c. in the event that a test cannot be taken at a scheduled time, tournament officials reserve the right to reschedule the test with in [*sic*] 30 days of the date on which the fish was caught. The rescheduled test must be administered by a White Marlin Open approved examiner administered to ASTM standards and will be at the angler's expense.
>
> 7d. If an angler wishes to dispute an unfavorable polygraph result, the angler may have a second polygraph conducted with in [*sic*] 10 days by a qualified polygraph examiner at the angler's expense. This polygraph must be administered to ASTM standards. The decision as to which of the two polygraph tests will be used to determine prize money eligibility is that of the tournament directors in cooperation with the polygraph examiner(s).

(ECF No. 100-4 at 4-5.)

In support of their Motion, plaintiffs Hutchison and Kosztyu argue that because Heasley failed to "pass[] a polygraph examination within the time frame set forth in the Tournament Rules," Heasley has failed to satisfy a condition precedent to collection of any prize money. (ECF No. 97-1 at 4, 10.) Citing authority, plaintiffs state that "when a condition precedent is unsatisfied, the corresponding contractual duty of the party whose performance was conditioned on it does not arise." (*Id.* at 11) (quoting *MCG, Inc. v. MGSJ Holdings, Inc.*, 648 F. App'x 372, 375 (4th Cir. 2016)). *See also Chesapeake Bank of Md. v. Monro Muffler/Brake, Inc.,* 166 Md. App. 695, 891 A.2d 384, 391–92 (2006).

Heasley argues in opposition to Plaintiffs' Motion that "[p]assing a polygraph test is, at best, a ***provisional*** conditional precedent to the award of prize money. It has nothing to do with catching the winning fish and should not serve as the sole reason to disqualify Heasley, especially under the circumstances present in this litigation." (ECF No. 100 at 6) (emphasis in original). Heasley then asserts that because plaintiff WMO failed to administer the polygraph examinations of Heasley and his crew in accordance with American Society for Testing and Material ("ASTM") standards, WMO itself "breached a preceding condition

of the contract," thereby precluding entry of summary judgment in favor of plaintiffs Hutchison and Kosztyu. (ECF No. 100 at 23.) To that end, Heasley has produced evidence, including expert reports, which, viewing all evidence in the light most favorable to Heasley, raise genuine issues of material fact regarding the propriety of the WMO-administered polygraphs and whether WMO complied with its own rules following the 2016 Tournament.

As there remain genuine issues of material fact in this case, entry of summary judgment in favor of plaintiffs Hutchison and Kosztyu is unwarranted. Accordingly, Plaintiffs' Motion (ECF No. 97) must be DENIED.[4]

## CONCLUSION

For the reasons stated above, Plaintiffs Mark Hutchison and Richard Kosztyu's Motion for Summary Judgment (ECF No. 97) is DENIED.

This case shall proceed to a bench trial beginning on May 22, 2017.

Dated: April 24, 2017          __/s/_____
                               Richard D. Bennett
                               United States District Judge

---

[4] It bears note that during the March 29, 2017 hearing, this Court indicated, with the parties' concurrence, the manner in which this case should proceed at trial (i.e., the issues to be resolved and the order in which they would be addressed). As set forth on the record, the Court first must determine whether Heasley and WMO complied with their obligations under the Tournament Rules, or whether Heasley's performance (taking and passing a polygraph examination) was excused on account of a breach by WMO. In the event that Heasley's performance was excused as a result of a breach by WMO, the Court then would make factual determinations as to who is entitled to the Tournament prize money.