# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| WHITE MARLIN OPEN, INC., et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: RDB-16-3105 |
| | * | |
| PHILLIP G. HEASLEY, | * | |
| Defendant. | * | |
| | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## <u>MEMORANDUM ORDER</u>

This Memorandum Order addresses defendant-appellant Philip G. Heasley's Motion for Supersedeas or, in the Alternative, Stay of Final Judgment Pending Appeal ("Heasley's Motion"). (ECF No. 159.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016.) For the reasons stated below, Heasley's Motion will be GRANTED IN PART and DENIED IN PART. Specifically, the Motion will be GRANTED insofar as execution of this Court's Judgment shall be STAYED, and the Interpleaded Prize Money (ECF No. 45) shall remain in the Court's Registry pending the resolution of his appeal. Heasley's Motion will be DENIED insofar as he requests that no supersedeas bond be required; Heasley SHALL POST a supersedeas bond with this Court in the amount of **$281,866.00** within fourteen (14) days of this Memorandum Order.

## BACKGROUND

On July 10, 2017, this Court entered a Final Judgment ("Judgment") (ECF No. 155) which: (1) declared that defendant Philip Heasley is not entitled to any distribution of the

Interpleaded Prize Money; (2) entered judgment in favor of plaintiff White Marlin Open, Inc., on defendant Heasley's Counterclaims (ECF No. 95); (3) dismissed with prejudice any pending crossclaims; and (4) provided a formula for the distribution of the Interpleaded Prize Money (ECF No. 45) based on the prevailing parties' June 30, 2017 Status Report (ECF No. 154). The Judgment further provided that the Interpleaded Prize Money and accrued interest would be distributed not less than thirty (30) days after the date of the Judgment.

On August 2, 2017, Heasley noted an appeal from this Court's Judgment and from all of the pretrial Memorandum Opinions and Orders entered in this case. (ECF No. 156.) On August 7, 2017, Heasley filed his now-pending Motion for Supersedeas. (ECF No. 159.)

## STANDARD OF REVIEW

Rule 62(d) of the Federal Rules of Civil Procedure provides that, "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond…The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d). Local Rule 110 of this Court provides that, "[u]nless otherwise ordered by the Court, the amount of any supersedeas bond filed to stay execution of a money judgment pending appeal shall be 120% of the amount of the judgment plus an additional $500 to cover costs on appeal." Loc. R. 110.1(a) (D. Md. 2016). "This procedure has been interpreted to guarantee a defendant a stay of the whole judgment 'as a matter of right.'" *RG Steel Sparrows Point, LLC v. Kinder Morgan Bulk Terminals, Inc.*, WMN-09-1668, 2014 WL 5293682, at *1 (D. Md. Oct. 14, 2014). However, "[i]t is the appellant's burden to demonstrate objectively that posting a full bond is

impossible or impractical; likewise, it is the appellant's duty to propose a plan that will provide adequate (or as adequate as possible) security for the appellee." *United States v. Kurtz,* 528 F.Supp. 1113, 1115 (E.D. Pa. 1981), *aff'd.,* 688 F.2d 827 (3d Cir.), *cert. denied,* 459 U.S. 991, 103 S.Ct. 347 (1982). *See also Lamon v. City of Shawnee, Kan.,* 758 F. Supp. 654, 656 (D. Kan. 1991) ("the purpose of posting supersedeas bonds is to ensure that the judgment creditor is secured from losses which may result from a stay.").

It is within this Court's inherent power "to determine the amount of a supersedeas bond or to permit other forms of security for monetary judgments on appeal." *Cross v. Fleet Reserve Ass'n Pension Plan,* WDQ-05-0001, 2007 WL 7143977, at *3 (D. Md. Feb. 27, 2007). "[F]ormer Rule 73(d) described what always has been good practice on a supersedeas bond, and, except as the matter now is regulated by local rules in a particular district, it is still a useful guide on these matters." Charles Alan Wright & Arthur R. Miller, 11 Fed. Prac. & Proc. Civ. § 2905 (3d ed.). Former Rule 73(d) provided that:

> Whenever an appellant entitled thereto desires a stay on appeal, he may present to the court for its approval a supersedeas bond which shall have such surety or sureties as the court requires. **The bond shall be conditioned for the satisfaction of the judgment in full together with costs, interest, and damages for delay,** if for any reason the appeal is dismissed or if the judgment is affirmed, and to satisfy in full such modification of the judgment and such costs, interest, and damages as the appellate court may adjudge and award.

Fed. R. Civ. P. 73(d) (rescinded 1968). *See Tennessee Valley Auth. v. Atlas Mach. & Iron Works, Inc.,* 803 F.2d 794, 799 (4th Cir. 1986) (same).

## ANALYSIS

As noted above, this Court has described a defendant's ability to stay the execution of a money judgment pending appeal as a "matter of right." *RG Steel,* 2014 WL 5293682, at *1.

The instant case presents no reason to depart from this Court's well-established practice of imposing a stay of execution upon the posting of a supersedeas bond. Thus, execution of this Court's July 10, 2017 Judgment shall be STAYED pending the issuance of a Mandate from the United States Court of Appeals for the Fourth Circuit.

Consistent with the foregoing, Heasley shall be required to post a supersedeas bond. While Heasley argues that no bond is required because the funds in dispute in this interpleader action have been deposited with the Court and "are currently drawing interest in an interest-bearing account," his position is not entirely persuasive. (ECF No. 159 at 3.) Insofar as the Interpleaded Funds remain within this Court's Registry and Heasley is not personally liable for this amount, these funds do limit the rationale behind the posting of a supersedeas bond. However, to the extent that the stay significantly limits the prevailing parties' ability to earn interest on the funds and subjects them to additional expenses related to this litigation, this Court is not satisfied that the interpleaded funds alone provide adequate security, including "damages for delay," to the prevailing parties. *See* ECF No. 161 at 5-7. Although the less than 1% interest rate accruing to the Interpleaded Funds in the Court's Registry is similar to what one might earn depositing the money in some savings accounts, it is well below the over 4% interest rate charged on many consumer loans,[1] and even further below the over 10% returns seen on major stock indices[2] over the past year. Notably, as prevailing plaintiffs Kosztyu and Hutchison note, the 1% interest rate is also far less than the interest rates charged on several outstanding invoices incurred litigating this

---

[1] This Court takes judicial notice of the fact that the Wall Street Journal's Prime Mortgage Rate was 4.25% on August 8, 2017. *See* Fed. R. Evid. 201.

[2] This Court takes judicial notice of the fact that the Dow Jones Industrial Average has increased over 14% and the S&P 500 Index has increased over 10% from August 8, 2016 to August 8, 2017.

case.  (ECF No. 161 at 6.)  As the resolution of Heasley's appeal in this matter is likely to take several months, the prevailing parties—in the event that this Court's Judgment is affirmed—would suffer "damages for delay" amounting to, at the very least, the difference between the Court Registry's less than 1% interest rate and those available on widely accessible public markets.

This Court finds that that an Order requiring Heasley to post a bond in the amount of 20% (that is, the 120% figure set forth in Local Rule 110, less the principal amount of the judgment) would exceed the amount which plaintiffs might otherwise earn on widely accessible public markets.  On the other hand, the 10% post-judgment rate of interest followed by Maryland state courts more closely approximates the amount which plaintiffs might otherwise earn were the money disbursed immediately.  *See* Md. Code Ann., Cts. & Jud. Proc. § 11-107(a) ("[T]he legal rate of interest on a judgment shall be at the rate of 10 percent per annum on the amount of judgment.").  This Court, in its discretion, will adopt the Maryland post-judgment interest rule, which represents a reasonable measure of the "damages for delay" which the prevailing parties will suffer pending Heasley's appeal.[3] Accordingly, Heasley shall be required to post a supersedeas bond in the amount of **$281,866.00,** which the prevailing parties may recover as "damages for delay" in the event that this Court's July 10 Judgment is affirmed by the Fourth Circuit.[4]

---

[3] Following the Maryland Rule is also consistent with the fact that (1) this case was originally filed in the Circuit Court for Worcester County and (2) this Court's jurisdiction is premised on diversity of citizenship.

[4] In the event of an affirmance, the prevailing parties shall recover: (1) the Interpleaded Funds; (2) interest accrued in the Court's Registry account; (3) the full amount of the supersedeas bond posted by Heasley.  In addition, WMO may be entitled to recover additional attorney's fees and costs incurred litigating the appeal.

## CONCLUSION

For the reasons stated above, Heasley's Motion will be GRANTED IN PART and DENIED IN PART. Specifically, the Motion will be GRANTED insofar as execution of this Court's Judgment shall be STAYED, and the Interpleaded Prize Money (ECF No. 45) shall remain in the Court's Registry pending the resolution of his appeal. Heasley's Motion will be DENIED insofar as he requests that no supersedeas bond be required; Heasley SHALL POST a bond with this Court in the amount of **$281,866.00** within fourteen (14) days of this Memorandum Order.

It is so ORDERED this 10th day of August, 2017.

_____/s/_____
Richard D. Bennett
United States District Judge